NUMBER 13-03-751-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
RAYMOND TORRES,                                                                   Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 105th District Court
of Nueces County, Texas.




M E M O R A N D U M O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Castillo
               Memorandum Opinion by Chief Justice Valdez
          Appellant, Raymond Torres, pleaded guilty to forgery, a state jail offense. The
trial court placed appellant on community supervision for five years. The State filed
a motion to revoke community supervision. On November 12, 2003, after appellant
pleaded true to the allegations contained in the motion, the trial court granted the
motion and sentenced appellant to two years in a state jail facility and assessed a
$300 fine. 
         In a single issue, appellant contends the trial court improperly denied him credit
for time he had spent in custody prior to trial. Because we conclude appellant did not
timely file a notice of appeal, we dismiss the appeal for lack of jurisdiction. 
         A timely notice of appeal is required to invoke our jurisdiction. Slaton v. State,
981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam); Olivo v. State, 918
S.W.2d 519, 522 (Tex. Crim. App. 1996). The notice of appeal is timely if filed
within thirty days after the sentence is imposed or suspended in open court, or within
ninety days after sentencing if the defendant files a motion for a new trial. Tex. R.
App. P. 26.2(a); see Olivo, 918 S.W.2d at 522. We may consider a late notice of
appeal where (1) it is filed within fifteen days of the last day allowed for filing, (2) a
motion for an extension of time is filed within the fifteen days, and (3) we grant the
motion. See Tex. R. App. P. 26.3; see also Olivo, 918 S.W.2d at 522. If the notice
of appeal is filed within the fifteen-day period but no timely motion for extension of
time is filed, we lack jurisdiction over the appeal. Olivo, 918 S.W.2d at 522.
         Here, the trial court imposed the sentence in open court on November 12, 2003. 
Appellant did not file a motion for a new trial or a motion for extension of time. 
Accordingly, his notice of appeal was due by December 12, 2003. See Tex. R. App.
P. 26.2(a)(1). 
         Appellant completed an inmate communication form dated November 24, 2003
expressing his desire to pursue an appeal, which we construe as a notice of appeal. 
The record does not show the form appellant submitted was delivered to the clerk of
the trial court. Rather, the form appears to have been sent directly to the trial court. 
In an order dated December 16, 2003, the trial court acknowledged it was “presented”
with the form on December 15. 
         Although the notice of appeal is dated November 24, 2003, the record does not
show that this document was filed on or before December 12, 2003. Thus,
appellant’s notice of appeal was not timely filed.



         In the absence of a timely filed notice of appeal in a criminal case, we do not
have jurisdiction to address the merits of the appeal and can take no action other than
to dismiss the appeal. Slaton, 981 S.W.2d at 210.


 Accordingly, we dismiss this
appeal for want of jurisdiction. 
          
 
 

                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and filed
this 19th day of August, 2004.